# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAS PEREZ GONZALEZ,<br><br>                                        Petitioner,<br><br>    v.<br><br>PAMELA BONDI, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of DHS; TODD LYONS, Director of ICE; CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center,<br><br>                                        Respondents. | Case No.:  26cv2258 DMS VET<br><br>**ORDER GRANTING PETITION; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; DENYING MOTION TO APPOINT COUNSEL** |

Pending before the Court are Petitioner's petition for writ of habeas corpus, (Pet., ECF No. 1), motion for temporary restraining order, (ECF No. 2), and motion for appointment of counsel, (ECF No. 3).  Respondents responded to the Petition. (Resp., ECF No. 7.)  Petitioner did not file a traverse.  The Court grants the Petition and denies the other motions.

Petitioner has been in Immigration and Customs Enforcement custody since January 15, 2025.  (Pet. ¶¶ 6, 9.)  On March 2, 2026, an immigration judge ("IJ") ordered Petitioner

1

removed to his home country, El Salvador.  (*Id.* ¶ 8.)  Petitioner appealed to the IJ's order to the Board of Immigration Appeals ("BIA"), which remains pending.  (*Id.*)  Petitioner is currently detained at the Otay Mesa Detention Center.  (*Id.* ¶¶ 5–6.)  Petitioner asserts his continued detention violates the Fifth Amendment's Due Process Clause and 8 U.S.C. § 1231.  (*Id.* 3.)  Respondents contend Petitioner is being mandatorily detained under 8 U.S.C. § 1225(b).  (Resp. 1.)  Respondents acknowledge that "courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and in light of "those prior rulings and the length of time Petitioner has been in custody," concede that "this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof by establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight."  (*Id.* at 2.)

The Court agrees with Respondents that Petitioner is detained under § 1225(b)— Petitioner is not subject to a final order of removal while his appeal of the IJ's order is pending at the BIA (and thus is not detained under § 1231).  *Mohan v. Holder*, No. 11-CV-956, 2011 WL 5439001, at *1 (S.D. Cal. Nov. 7, 2011).   However, Respondents also correctly assert that courts in this District—including this Court—have found a constitutional right against prolonged mandatory detention pursuant to § 1225(b) and ordered the Government to provide noncitizens with bond hearings to cure such violations. *See, e.g.*, *Elikaei v. LaRose*, No. 25-CV-03219, 2025 WL 3539165, at *1 (S.D. Cal. Dec. 10, 2025); *Dehqan v. LaRose*, No. 26CV0662, 2026 WL 1018342, at *2 (S.D. Cal. Apr. 15, 2026).  Because Respondents concede that Petitioner should receive a bond hearing, the Court **GRANTS** the Petition.  The Court acknowledges Petitioners' criminal history, which includes "serious domestic violence offenses," (Resp. 1), but finds a bond hearing— during which the Government may provide evidence that Petitioner is a danger to society such that he should remain detained—will appropriately address Respondents' concerns. *See Elikaei*, 2025 WL 3539165, at *1 (finding the petitioner's foreign military service did not affect whether the petitioner's detention became unconstitutionally prolonged but could be raised at the bond hearing).

26cv2258 DMS VET

Respondents are directed to arrange an individualized bond hearing for Petitioner before the Immigration Court within **fourteen (14) days** of the entry of this Order.  At the bond hearing, "Respondents must justify [Petitioner's] continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025). Respondents are further ordered to file a Status Report within **twenty-one (21) days** of this Order's entry, confirming Petitioner received a bond hearing and the outcome of that hearing.   Because the Petition is granted, Petitioner's motions for temporary restraining order and appointment of counsel are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  April 28, 2026

Hon. Dana M. Sabraw
United States District Judge

3

26cv2258 DMS VET